UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDOU NDOYE,

                Plaintiff,

- against -

CITY OF NEW ROCHELLE, NEW ROCHELLE POLICE DEPARTMENT, AND POLICE OFFICER ANTHONY SCARNATI,

                Defendants.

**OPINION & ORDER**

23-CV-03805 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Abdou Ndoye ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of Westchester on January 13, 2023 and Defendants removed the action to this Court on May 5, 2023. (Doc. 1). Defendants asserted, in the Notice of Removal, that the "Court has jurisdiction over this action . . . as [Plaintiff's] claims arise under the United States Constitution and involve a federal question." (Doc. 1 ¶ 7). Plaintiff brings this action against the City of New Rochelle ("City"), the New Rochelle Police Department, and Police Officer Anthony Scarnati ("Scarnati"), pressing the following claims: (i) false arrest under New York law; (ii) malicious prosecution under New York law; (iii) negligent hiring, training, and supervision under New York law; (iv) a claim brought pursuant to 42 U.S.C. § 1983 ("Section 1983") for false arrest, false imprisonment, and for municipal liability under *Monell*; (v) a *Monell* claim; and (vi) "superior liability" under New York law. (Doc. 3 at 4-21, "Compl.").[1]

    Pending before the Court is Defendant's motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12). Defendant filed, pursuant to the briefing schedule set by the Court, its motion to dismiss on July 26, 2023. (Doc. 12; Doc. 13, "Cossu Decl."; Doc. 14, "Def.

---

[1] Citations to the documents referenced herein correspond to the pagination generated by ECF.

Br."). Plaintiff filed his opposition in the form of an attorney affirmation on July 26, 2023 (Doc. 15, "Pl. Br.") and the motion was fully briefed with the filing of Defendants' reply on August 28, 2023 (Doc. 18, "Reply").

For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The New Rochelle Police Department responded to a call from Plaintiff's wife on April 5, 2022. (Compl. ¶ 16). Plaintiff was arrested for an alleged violation of a previously issued Order of Protection that prohibited Plaintiff from having any contact with his wife. (*Id.* ¶ 17). Plaintiff was arrested despite information given to the police, apparently both by Plaintiff and his attorney, that the Order of Protection previously issued was vacated. (*Id.* ¶ 18; Pl. Br. ¶ 8). Plaintiff alleges that he was arrested and detained "without probable cause" and later that day he was charged in New Rochelle City Court with criminal mischief in violation of New York Penal Law § 215.50 (*Id.* ¶¶ 19-20). After six court appearances, the charges against Plaintiff were dismissed. (*Id.* ¶ 21).

## STANDARD OF REVIEW

I.    Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A claim is plausible on its face "when the plaintiff pleads

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

II.     Documents Considered on a Motion to Dismiss

On a Rule 12(b)(6) motion, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider . . . documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which plaintiff relied in bringing the suit."). Still, even if a document is not incorporated into the complaint by reference,

3

the Court may consider it "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *see also Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 82 (2d Cir. 2021) ("Where an extrinsic document is not incorporated by reference, the district court may nevertheless consider it if the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."). All parties submitted extraneous documents for the Court's consideration.

Defendants submitted two extraneous documents: (i) a handwritten statement from Plaintiff's wife dated April 5, 2022 (Doc. 13-2); and (ii) a document titled "Reporting Officer Narrative" signed by Scarnati dated April 5, 2022 (Doc. 13-3). The Complaint does not reference the written statement by Plaintiff's wife or any reports filed by Scarnati, nor is there any "indication in the record that Plaintiff relied on them in drafting the [Complaint]." *Alvarez v. Cnty. of Orange, N.Y.*, 95 F. Supp. 3d 385, 396 (S.D.N.Y. 2015) (declining to consider an incident report and misdemeanor complaint on a motion to dismiss); *see also Williams v. City of New York*, No. 14-CV-05123, 2015 WL 4461716, at *2 (S.D.N.Y. July 21, 2015) (declining to consider an extraneous police report of a complainant interview and noting that it was the view "adopted by a majority of courts in our Circuit" that such police reports "are not integral to a false arrest complaint"); *Bejaoui v. City of New York*, No. 13-CV-05667, 2015 WL 1529633, at *6 (E.D.N.Y. Mar. 31, 2015) (declining to consider police reports on a motion to dismiss where "it is far from obvious that [p]laintiff actually-let alone, heavily-relied on the [reports] in drafting his [c]omplaint, particularly in light of the discrepancy between the content of the reports and what he alleges with respect to the underlying complaints"). Accordingly, the Court declines to consider the handwritten

4

statement from Plaintiff's wife or the Reporting Officer Narrative as neither is incorporated by reference or integral to the Complaint.

Plaintiff submitted two extraneous documents: (i) a Notice of Claim and Affidavit of Service served upon Defendants on July 1, 2022 (Doc. 15-1); and (ii) a transcript of Plaintiff's August 22, 2023 50-H hearing (Doc. 15-2). "[A] notice of claim (or lack thereof) is properly considered on a motion to dismiss as an integral part of the complaint because, as a matter of state law, the notice is a precondition to bringing a tort claim against a municipality or municipal employee." *Peralta v. City of New York*, No. 21-CV-06395, 2022 WL 2805463, at *4 (S.D.N.Y. July 18, 2022). However, "[d]istrict courts in this circuit regularly decline to consider 50–h Transcripts submitted in support of or in opposition to a motion to dismiss, even if neither party objects." *Prevost v. City of New York*, No. 13-CV-03760, 2014 WL 6907560, at *2 (S.D.N.Y. Dec. 9, 2014) (collecting cases). Accordingly, the Court will consider the Notice of Claim but declines to consider the 50-H hearing transcript in analyzing the motion to dismiss.

## ANALYSIS

### I. Non-Suable Entity

Defendants argue that "the New Rochelle Police Department is not a suable entity since it is merely an administrative arm of the City of New Rochelle." (Def. Br. at 7). The Court agrees that "the New Rochelle Police Department is not a suable entity and [p]laintiff's claims against it must be dismissed." *Berkley v. City of New Rochelle*, No. 21-CV-00578, 2022 WL 784018, at *6 (S.D.N.Y. Mar. 15, 2022); *see also Henry v. Cnty. of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) ("As the district court noted, the Nassau County Police Department is a non-suable agency of Nassau County. Henry's claims against the Nassau County Police Department were therefore properly dismissed.").

Accordingly, Plaintiff's claims against the New Rochelle Police Department are dismissed as it is not a suable entity.

## II. False Arrest Under New York Law (First Claim for Relief), False Arrest and False Imprisonment Under Section 1983 (Fourth Claim for Relief)

Plaintiff's first claim for relief is for false arrest under New York law. (Compl. ¶¶ 1-23). Plaintiff also presses in his fourth claim for relief, *inter alia*, a claim for false arrest and false imprisonment under Section 1983. (Compl. ¶¶ 40-48).[3] A claim for false arrest under New York law is "substantially the same" as a false arrest claim brought under Section 1983. *Bonadies v. Town of Amenia*, No. 19-CV-10890, 2020 WL 5209510, at *10 (S.D.N.Y. Aug. 31, 2020) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

Defendants argue, with respect to the fourth claim for relief for false arrest and false imprisonment under Section 1983, that Plaintiff has failed to allege how Scarnati "was personally involved in any action giving rise to alleged constitutional deprivations." (Def. Br. at 12). Plaintiff alleges he "was arrested and unlawfully detained without probable cause by Defendants the City of New Rochelle, New Rochelle Police Department, and Police Officer Scarnati" and that Scarnati "restrained Plaintiff without probable cause, a court authorized search warrant and/or arrest

---

[3] The Complaint does not precisely articulate what theories of liabilities Plaintiff is pursuing in his fourth claim for relief under Section 1983. (*See* Compl. ¶¶ 40-48). Plaintiff alleges, in a blunderbuss and confusing pleading style, that "Defendants deprived Plaintiff of his rights, privileges and immunities as granted under the United States Constitution, Amendments One, Four, Five, and Fourteen." (Compl. ¶ 41). Plaintiff also alleges that Defendants "did violate and deprive the rights, privileges and/or immunities of the Plaintiff in the following respects: a. [f]reedom and loss of liberty; b. [f]alse arrest and; c. [f]alse imprisonment." (Compl. ¶ 43). Plaintiff does not provide any clarification or authority—nor is the Court independently aware of any authority—as to whether allegations regarding "[f]reedom from loss of liberty" and "deliberate indifference to those rights protected under the Fourth and Fourteenth Amendments" give rise to any distinct theories of liability under Section 1983. (Compl. ¶¶ 43, 45). To the extent Plaintiff intended his fourth claim include a malicious prosecution theory of liability under Section 1983, Plaintiff has failed to sufficiently state such a claim for the reasons stated below. (*See infra* at 9-10). Accordingly, the Court construes Plaintiff's fourth claim as: (i) a claim for false arrest and false imprisonment under Section 1983 against Scarnati; and (ii) a claim for municipal liability under *Monell* against the City.

6

warrant." (Compl. ¶¶ 19, 42). Plaintiff alleges he "was arrested despite the information was imparted to the Police that the Order of Protection previously issued was vacated." (*Id.* ¶ 18). "As a fundamental prerequisite, 'to establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.'" *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *4 (S.D.N.Y. Mar. 22, 2021) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017)). "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Id.* (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). The allegations that Scarnati arrested and detained Plaintiff (Compl. ¶¶ 19, 42) are sufficient to establish personal involvement with respect to the Section 1983 claim for false arrest and false imprisonment.

To state a claim for false arrest, Plaintiff must plead "that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003). Plaintiff has plausibly alleged that Scarnati arrested him despite receiving information that the Order of Protection entered against him was vacated. (Compl. ¶¶ 16-19). Defendants argue that Scarnati had probable cause to arrest Plaintiff because "the information upon which the arrest was predicated originated from reasonably trustworthy information – a call from Plaintiff's wife and an Order of Protection in her favor." (Def. Br. at 10). Defendants rely on *Bernard v. United States*, 25 F.3d 98, 102-03 (2d Cir. 1994) in arguing that "even if the orders of protection had been vacated and Plaintiff was mistakenly arrested, probable cause still supported the arrest." (Def. Br. at 11). *Bernard* was an appeal from a summary judgment decision where the Second Circuit held "probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that

information." *Bernard*, 25 F.3d at 103. The arresting officer's reasonableness in relying on information is a fact inquiry that was not decided on the pleadings in *Bernard*, but rather upon a determination that "the record indicates the agents' surveillance and the CI's identification was sufficient to establish probable cause." *Id.* Defendants' argument that probable cause existed for Plaintiff's arrest "based upon two 'active stay away orders' in favor of [Plaintiff's wife]" invokes facts outside the four corners of the Complaint and is not therefore an appropriate argument on a motion to dismiss. (Def. Br. at 10 (quoting Doc. 13-3)). The reasonableness of Scarnati's reliance on the information he received from Plaintiff's wife and about the Order of Protection against Plaintiff is a fact question not appropriate for resolution on the pleadings.[4] The Court declines to rule on such a fact issue on the pleadings alone and without the benefit of an evidentiary record. Plaintiff has sufficiently pled a claim for false arrest under New York law and Section 1983. The same result follows for Plaintiff's claim for false imprisonment under Section 1983 because "false arrest is considered a kind of false imprisonment, and the claims are analyzed in identical fashion." *Mitchell v. Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005); *see also Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011) (explaining that, under New York law, claims for false arrest and false imprisonment are "identical").

Accordingly, the motion to dismiss the first claim for relief (false arrest under New York law) and fourth claim for relief (to the extent it presses a claim for false arrest and false imprisonment under Section 1983) is DENIED.

---

[4] Even if the Court were to consider the extraneous documents Defendants submitted in support of their motion—the handwritten statement from Plaintiff's wife and the narrative report from Scarnati—it does not alter the conclusion reached and only reinforces this outcome. The discrepancy between the allegations in the Complaint (asserting that Scarnati was informed that the Order of Protection against Plaintiff was vacated) and Scarnati's narrative report (stating that he conducted a "TOP check" which showed that there were "2 active full stay away orders of protection" against Plaintiff) only highlights the fact issue that will be dispositive of whether probable cause existed for Plaintiff's arrest. (Compl. ¶ 18; Doc. 13-3).

### III. <u>Malicious Prosecution Under New York Law (Second Claim for Relief)</u>

Plaintiff's second claim for relief is for malicious prosecution under New York law. (Compl. ¶¶ 24-29). To state a claim for malicious prosecution under New York law, a plaintiff must allege, "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Plaintiff alleges that he was charged with "Criminal Mischief" in the New Rochelle City Court, "released on his own recognizance," and that the charges against him were dismissed in his favor after "six court appearances." (Compl. ¶¶ 20-21). The Complaint does not contain any allegations with respect to Scarnati's involvement in Plaintiff's prosecution. The Complaint is devoid of any allegations describing what actions Scarnati or the City took to initiate or continue the criminal proceeding against him, instead only alleging in a conclusory fashion that "Defendants caused [Plaintiff] to be prosecuted without any probable cause until the charges were dismissed." (*Id.* ¶ 26). Such threadbare and conclusory allegations, without more, cannot support a claim for malicious prosecution.

Accordingly, the motion to dismiss the second claim for relief is GRANTED.

### IV. <u>Negligent Hiring, Training, and Supervision Under New York Law (Third Claim for Relief)</u>

Plaintiff's third claim for relief is for negligent training and supervision under New York law. (Compl. ¶¶ 30-39). Plaintiff alleges that the City "was negligent in failing to properly train and supervise its employees" and that it "should have known the propensity of [Scarnati] to commit injurious acts." (*Id.* ¶¶ 32-33). "To maintain a claim against a municipal employer for the 'negligent hiring, training, and retention' of a tortfeasor under New York law, a plaintiff must show that the employee acted 'outside the scope of [his] employment.'" *Velez v. City of New York*,

9

730 F.3d 128, 136–37 (2d Cir. 2013) (quoting *Gurevich v. City of New York*, No. 06-CV-01646, 2008 WL 113775, at *6 (S.D.N.Y. Jan. 10, 2008)). Plaintiff fails to allege that Scarnati acted outside the scope of his employment when he arrested Plaintiff. Plaintiff's allegation the City "should have known of the propensity of the Defendant officer to commit injurious acts" is vague and insufficient to state a claim for negligent hiring, training, and supervision. (Compl. ¶ 32). Plaintiff has failed to state a claim for negligent hiring, training, and supervision under New York law. *See Velez*, 730 F.3d at 136-27; *see also Zanfardino v. City of New York*, 230 F. Supp. 3d 325, 336 (S.D.N.Y. 2017) ("Plaintiff's claim against the City for negligent hiring, training, screening, supervising and/or instructing . . . must fail for the simple reason that he has not alleged a necessary element of such a claim—that either Defendant acted outside the scope of his or her employment.").

Accordingly, the motion to dismiss the third claim for relief is GRANTED.

V. *Monell* Claims (Fourth and Fifth Claims for Relief)

Defendants argue, with respect to the fourth and fifth claims for relief for municipal liability under *Monell*, that Plaintiff has "failed to plausibly plead any official policy or custom that caused him to be denied a constitutional right." (Def. Br. at 18). Plaintiff alleges, in support of his *Monell* claim, that the "complained of conduct was either the result of an official policy or unofficial custom, including but not limited to, the policies and customs concerning the hiring, training, supervision, retention and discipline of the [City]'s agents, servants and/or employees, including [Scarnati,]" and further that Defendants engaged in a practice of "arresting individuals without an adequate investigation in an effort to convict such individuals." (Compl. ¶¶ 41, 50-51). Under *Monell* and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *See Jimenez v. City of New York*, No.

18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) ("Plaintiff must plead allegations that 'the government body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011))). "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)).

Plaintiff's *Monell* claim fails because the Complaint lacks allegations supporting the existence of a municipal policy or practice. Plaintiff only alleges facts relating to his own claim, which is insufficient to establish a claim for municipal liability under *Monell*. *See, e.g., See, e.g., Schuyler v. The City of New Rochelle*, No. 23-CV-04151, 2024 WL 167289, at *3 (S.D.N.Y. Jan. 16, 2024) ("A plaintiff cannot establish a *Monell* claim solely on the circumstances of his own case."); *Smith v. Westchester Cnty.*, No. 19-CV-01283, 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019) (dismissing *Monell* claim where plaintiff "describe[d] only his own experiences"); *Oriental v. Vill. of Westbury*, No. 18-CV-03878, 2019 WL 4861413, at *4 (E.D.N.Y. Oct. 2, 2019) (same). That Plaintiff couches the allegations about his own experience as having happened to multiple people does not save his claim. "Such boilerplate allegations, without more, are insufficient to support a *Monell* claim." *Hanniford v. City of Poughkeepsie*, No. 21-CV-10359, 2022 WL 17325762, at *8 (S.D.N.Y. Nov. 29, 2022) (citing *Williams v. Lohard*, No. 20-CV-10571, 2022 WL 269164 (S.D.N.Y. Jan. 28, 2022)).

Accordingly, the motion to dismiss the fourth (to the extent it presses a *Monell* claim) and fifth claims for relief is GRANTED.

VI. "Superior Liability" Under New York Law (Sixth Claim for Relief)

Plaintiff's sixth claim for relief for "superior liability" under New York law seeks to hold the City "vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described [in the Complaint]." (Compl. ¶ 63). "Under New York law, the doctrine of *respondeat superior* renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment." *Roman v. City of Mount Vernon*, No. 21-CV-02214, 2023 WL 8719968, at *15 (S.D.N.Y. Dec. 18, 2023). The vicarious liability claim, therefore, "depends on the plaintiff establishing a state-law tort claim." *Id.*

Defendants argue that Plaintiff's claim for vicarious liability must be dismissed because "there is no substantive offense for which [the City] may be held vicariously liable." (Def. Br. at 22). The Court denied Defendants' motion to dismiss with respect to Plaintiff's false arrest claim under New York law and as such, there is a substantive offense for false arrest alleged in the Complaint for which the City may be held vicariously liable. Plaintiff alleges, when drawing all reasonable inferences in his favor, that Scarnati acted within the scope of his employment when he arrested Plaintiff, and therefore the Complaint states a claim for vicarious liability against the City in connection with the false arrest claim against Scarnati. (Compl. ¶ 63).

Accordingly, the motion to dismiss the sixth claim for relief is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

The motion to dismiss is GRANTED with respect to the second (malicious prosecution under New York law), third (negligent hiring, training, and supervision under New York law), fourth (only to the extent it presses a *Monell* claim), and fifth (*Monell* claim) claims for relief.

12

Plaintiff's claims are dismissed against the New Rochelle Police Department as it is not a suable entity.

The motion to dismiss is DENIED with respect to the first (false arrest under New York law), fourth (only to the extent it presses a claim for false arrest and false imprisonment against Scarnati under Section 1983), and sixth (vicarious liability under New York law) claims for relief.

Defendants City of New Rochelle and Scarnati shall file an Answer to the Complaint within 14 days of the issuance of this Opinion & Order.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 12).

                                  **SO ORDERED:**

Dated:   White Plains, New York
              January 26, 2024

                                      PHILIP M. HALPERN
                                      United States District Judge